

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BETH JONES, Individually and on Behalf of All Others Similarly Situated, as Class Representative, ) ) ) ) | Case Number: **1:10-CV-06240** |
| Plaintiff, ) ) | Judge William J. Hibbler |
| v. ) ) | |
| TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., ) ) ) ) | |
| Defendants. ) | |

## PRETRIAL ORDER NO. 1

THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL AND SUBJECT TO APPROVAL OF THE COURT, STIPULATE TO THE ENTRY OF THIS ORDER FOR THE APPOINTMENT OF CO-LEAD COUNSEL AND LIAISON COUNSEL AND FOR THE TRANSFER AND CONSOLIDATION OF LATER FILED AND TRANSFERRED CASES AS PROVIDED BELOW:

### Organization of Counsel

1. Milberg LLP and Doyle Lowther LLP are hereby appointed Co-Lead Class Counsel.

2. Miller Law LLC shall serve as Plaintiffs' liaison counsel and in such capacity shall communicate with the Court and Co-Lead Class Counsel and otherwise carry out such duties and functions as may be necessary or required for the orderly and efficient prosecution of this litigation at the direction of Co-Lead Class Counsel.

3.     Co-Lead Class Counsel shall have exclusive authority to speak for plaintiffs in all matters regarding pretrial procedure and settlement negotiations, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Co-Lead Class Counsel shall be responsible for coordination of all activities and appearances on plaintiffs' behalf. No motion, request for discovery, other pretrial proceedings or settlements shall be initiated or filed by any plaintiffs except through Co-Lead Class Counsel.

4.     Either of Co-Lead Class Counsel shall have authority to communicate with defendants' counsel and the Court on the class' behalf. Defendants' counsel may rely on all agreements made with either of Co-Lead Class Counsel, and such agreements shall be binding on plaintiffs, including actions related or consolidated to these actions.

5.     Co-Lead Class Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

### Newly Filed Or Transferred Actions

6.     When a case arises from the same operative facts as this action is hereinafter filed in or transferred to this Court, and the Court determines it should be consolidated with this action, it shall be consolidated with these actions and the Clerk of the Court shall:

- file a copy of this Order in the separate file for such action;

- mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

- make the appropriate entry in the docket.

7.     This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

8.     Should scheduling, pleadings, or Court-ordered modifications become necessary as a result of further reassignments, the Court shall consider such requests within thirty (30) days after the date on which a copy of the notice and this order is filed and served.

### Application Of This Pretrial Order No. 1 To Subsequent Cases

9.     This Pretrial Order No. 1 shall apply to each collective or class action assigned to the undersigned which has claims similar to those set forth in this action, brought on behalf of employees of Takeda and/or any of its affiliate businesses who are classified by Takeda as sales representatives and/or as defined in paragraph 2 of the initial complaint as Medical Representatives ("MR's"), alleging defendants failed to pay them overtime compensation. This Order shall apply to each such case which: (1) is subsequently filed in or transferred to this Court, (2) the Court consolidates, and (3) is assigned to the undersigned, unless a party objecting to the consolidation of that case, or to any other provision of this Order, serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk or Counsel mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

10.     Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have twenty (20) days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint. Defendants are not required to respond to the complaint(s) filed in any action subsumed into this

action, and such actions shall be reassigned under the operative complaint in *Jones v. Takeda Pharmaceuticals North America, Inc., et al.*, Case No. 1:10-cv-06240.

11.     Nothing in this Order shall preclude Takeda from contesting, in this or any other subsequently filed or transferred case, class certification or collective action certification on any grounds, including but not limited to through motion(s) for decertification, motion(s) for dismissal of any claims, motion(s) for summary judgment as to any claims or Plaintiffs, and/or through any other defenses or privileges available to defendants.

SO ORDERED:

Dated: ___2/24___, 2011

Hon. William J. Hibbler,
United States District Judge

AGREED:

Dated:  February 18, 2011

**MILBERG LLP**

s/ Neil Fraser
Neil Fraser
nfraser@milberg.com
William B. Scoville, Jr.
wscoville@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
Telephone: (212) 594-5300