**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BETH JONES, Individually and on Behalf of All Others Similarly Situated, as Class Representative, </br></br>Plaintiff, </br></br>v. </br></br>TAKEDA PHARMACEUTICALS NORTH AMERICA, INC. and TAKEDA PHARMACEUTICALS AMERICA, INC., </br></br>Defendants. | **No. 1:10-CV-06240** </br></br>**Judge William J. Hibbler** |

### STIPULATION TO THE CONDITIONAL CERTIFICATION OF THE COLLECTIVE ACTION AND THE DISTRIBUTION OF COURT-SUPERVISED NOTICE PURSUANT TO 29 U.S.C. § 216(b)

### RECITALS

On September 29, 2010, plaintiff Beth Jones ("Plaintiff") filed a collective action complaint (the "Action") against defendants Takeda Pharmaceuticals North America, Inc. and Takeda Pharmaceuticals America, Inc. (collectively "Takeda" or "Defendants") in this Court;

On December 15, 2010, the Court adopted a discovery schedule agreed upon by the parties, which schedule included briefing deadlines for a contested motion for the conditional certification of the collective action (the "Conditional Certification") and distribution of Court-supervised notice pursuant to 29 U.S.C. § 216(b);

The parties, having met and conferred, determined that avoiding a protracted dispute over the issue of Conditional Certification and distribution of Court-supervised notice under 29

U.S.C. §216(b) would benefit each party and would further the interests of conserving judicial effort and resources and maximizing the efficiency of the prosecution of the Action;

In connection with negotiating a stipulation to the Conditional Certification and distribution of Court-supervised notice, the parties further agreed to abide by certain temporary conditions in conducting discovery; and no prior scheduling modifications have been sought in this case;

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between undersigned counsel, subject to the approval of this Court, that:

1. The deadlines adopted by this Court in its December 15, 2010 Order (Docket No. 19) for submission of papers relating to Plaintiff's motion for the Conditional Certification and distribution of Court-supervised notice are vacated;

2. The parties consent to entry of an order (the "Notice Order," a proposed version of which will be submitted to the Court for approval) authorizing the distribution of Court-supervised notice under 29 U.S.C. §216(b) and incorporating the definitions, procedures and deadlines set forth below;

3. The notice shall be distributed to all current and former employees of Takeda who worked as sales representatives and/or as Medical Representatives ("MR's") as defined in paragraph 2 of the initial Complaint at any time on or after the date that is three years prior to the entry of the Notice Order.

4. In order to enable the dissemination of the notice authorized by this Stipulation, Defendants will create a list (the "Notice List") of all persons who fall within the scope of individuals described in Paragraph 3 regardless of annual income level. The Notice List will

contain current and/or last known address of each person named therein. If notices are returned as undeliverable and the Claims Administrator requires additional information to locate potential claimants, the Claims Administrator will contact Defense Counsel to obtain such information, including but not limited to email addresses (other than Takeda business email addresses) and phone numbers (other than Takeda business phone numbers) and social security numbers.

5. Defendants will also provide to Plaintiff no later than seven (7) days after entry of the Notice Order a separate comprehensive list (the "Job Title List") of all Takeda job titles and/or professional positions that fall within the scope of employees described in Paragraph 3 above so that these job titles may be included in the proposed class notice.

6. Defendants will provide Plaintiff with certifications that attest the Notice List and Job Title List are accurate and complete the best of their knowledge and belief, including a certification that the Notice List contains the names of all persons who fall within the scope of employees described in Paragraph 3 above;

7. Defendants will make all reasonable efforts to provide the Notice List to Settlement Services, Inc. (the "Notice Administrator") no later than 10 days after the entry of the Notice Order. At no time will Defendants or the Notice Administrator disclose the Notice List (or any information on the Notice List) to Plaintiff absent further order of this Court, except as provided in section 9 (f) of this stipulation;

8. No later than 30 days after entry of the Notice Order, the Notice Administrator will begin the "Notice Program" -- the process of disseminating copies of the notice of this Action (the "Notice") to all persons listed on the Notice List;

9. The Notice Program entails the Notice Administrator's implementing the following procedures:

   a. Mailing the Notice to the current or last known address of each person listed on the Notice List;

   b. Establishing a toll-free telephone number for persons to call to obtain copies of the Notice or further inquire about the nature of the lawsuit and the proposed class;

   c. Establishing a website which will host a summary of the Notice (approved by the parties), links to the full Notice and opt-in form and contact information for the Notice Administrator and Plaintiff's Counsel;

   d. Use of a locator service to trace the potential addresses of anyone on the Notice List whose mailed notices are returned to the Notice Administrator as undeliverable;

   e. Maintaining a list (the "Opt-In List") of individuals from the Notice List who have returned to the Notice Administrator completed consent forms, a sample of which form is included in the Notice, filed herewith;

   f. Forwarding copies of the Opt-In List to each of the parties 15 days after commencement of the Notice Program, updated copies every 15 days thereafter, and forwarding a final copy of the Opt-In List to the parties after the deadline for submission of consent forms has passed;

10. The deadline for submissions of consent forms will be 120 days after commencement of the Notice Program;

11. The Notice Administrator shall not use or disclose the Notice List, or any information on the Notice List, except to administer the Notice Program as set forth in this Stipulation, and shall sign a certification agreeing to these provisions;

12. Plaintiff will initially bear the cost of the Notice Program without prejudice to her right to recover said cost from Defendants at a later stage of the Action;

13. Discovery is stayed until the completion of the Notice Program subject to the following exceptions: (a) the parties will respond, produce, and continue to supplement their responses and/or productions to all requests for the production of documents and all interrogatories heretofore served; (b) the parties will engage in good faith, informal correspondence related to topics concerning Electronically Stored Information ("ESI").

14. This Stipulation or Order is without prejudice to all arguments, claims, and defenses of the parties, including but not limited to the applicable statute of limitations, whether this case or any other case may proceed as a collective action under 29 U.S.C. § 216(b), or whether any class may be certified in this action or any other action.

Dated: March 1, 2011

**MILBERG LLP**

s/Neil Fraser
Neil Fraser
nfraser@milberg.com
William B. Scoville, Jr.
wscoville@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
Telephone: (212) 594-5300

**DOYLE LOWTHER LLP**
John A. Lowther
john@doylelowther.com
9466 Black Mountain Road, Ste. 210
San Diego, California 92126
Telephone: (619) 573-1703

**MILLER LAW LLC**
Marvin A. Miller
mmiller@millerlawllc.com
Matthew E. Van Tine
mvantine@millerlawllc.com
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603

                                        Telephone: (312) 332-2400

                                        *Counsel for Plaintiff Beth Jones*
                                        *and for the Proposed Plaintiff Class*

Dated: March 1, 2011               **MORGAN, LEWIS & BOCKIUS, LLP**

                                        s/Sari M. Alamuddin
                                        Sari M. Alamuddin
                                        salamuddin@morganlewis.com
                                        Christopher J. Boran
                                        cboran@morganlewis.com
                                        77 West Wacker Drive
                                        Chicago, IL  60601
                                        Telephone:  (312) 324-1000

                                        *Counsel for Defendants Takeda*
                                        *Pharmaceuticals North America, Inc. and*
                                        *Takeda Pharmaceuticals America, Inc.*


IT IS SO ORDERED, this _8TH_ day of March, 2011

                                        _Wm. J. Hibbler_
                                        William J. Hibbler
                                        United States District Judge