## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BETH JONES, Individually and on Behalf of All Others Similarly Situated, as Class Representative for the Collective Action and the California State Class; HEATHER JACOBS, Individually and as Class Representative for the California State Class; PAUL MERSON, Individually and as Class Representative for the New York State Class; TAYLOR OSBORNE, MARIE T. FRYDA, MARK E. VANDERPOL, PHILLIP HICKS and MATTHEW BIGELOW, Individually and as Class Representative for the Ohio State Class; NICOLE WILSON and REX URBAN, Individually and as Class Representative for the Illinois State Class, | Case No.: 10 C 6240<br><br>Judge William J. Hibbler<br><br><br>**JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., | |
| Defendants. | |

## CONSOLIDATED AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

This is an action for violation of federal and state wage and hour laws by and on behalf of individuals formerly and currently employed as Medical Representatives (as defined in paragraph 2, below) by Defendants, Takeda Pharmaceutical North America, Inc., and Takeda Pharmaceuticals America, Inc. (collectively "Takeda" or "Defendants"). The Medical Representatives include Named Plaintiffs Beth Jones, Heather Jacobs, Paul Merson, Taylor Osborne, Marie T. Fryda, Mark E. Vanderpol, Phillip Hicks, Matthew Bigelow, Erin Siegfried, Leigh Hanlon, Nicole Wilson and Rex Urban. The Medical Representatives are and have been regularly required by Defendants to work in excess of 40 hours per week and are lawfully entitled to overtime pay for such hours. However, Defendants have consistently, systematically, knowingly and willfully failed to compensate the Medical Representatives for hours worked in

excess of 40 hours per week, in violation of the Fair Labor Standards Act ("FLSA") and state wage and hour laws. Medical Representatives employed by Takeda are not exempt from federal or state wage and hour laws, as they clearly do not meet the definitions of "outside salesmen," "highly-compensated workers," or employees in an "administrative capacity" as these terms are defined in the FLSA and in applicable state laws and regulations. In this action, the Medical Representatives seek the overtime pay unlawfully withheld by Takeda and seek other relief to which they are entitled under the FLSA and applicable state laws and regulations.

## NATURE OF THE ACTION

1.      Plaintiffs sue on behalf of themselves and other Medical Representatives who work or have worked for the Defendants and (a) elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of FLSA 29 U.S.C. § 216(b) (the "Collective Plaintiffs"); and/or (b) were employed by Takeda in California, Illinois, Ohio or New York (the "Class Action Plaintiffs"). This action claims that Takeda violated the wage-and-hour provisions of the FLSA and various state laws by depriving the Plaintiffs, and others similarly situated to the named Plaintiffs, of their lawful overtime wages.

2.      "Medical Representatives" ("MRs") is used herein to mean current and former Takeda employees in positions including, but not limited to, Sales Representative, Senior Sales Representative, Territory Manager, Senior Territory Manager, Specialty Sales Representative, Senior Specialty Sales Representative, Specialty Territory Manager, Health System Manager I, Health System Manager II, Medical Specialty Force Rep I, Medical Specialty Force Rep II, Professional Sales Representative, Senior Professional Sales Representative, and Sales Representative Primary Care, and employees who performed substantially the same work as employees with those titles.

2

3.     MRs employed by Takeda regularly work overtime hours, as defined by the FLSA and various state laws, and are entitled to overtime compensation for those hours.  For at least six years prior to the filing of this complaint, Defendant Takeda has committed widespread violations of the FLSA and state laws by, among other violations, failing to compensate MRs for overtime hours worked.

4.     The Collective Plaintiffs, similarly situated employees who elect to participate in this action, seek unpaid compensation, an equal amount of liquidated damages and prejudgment interest, attorneys' fees, and cost pursuant to 29 U.S.C. § 216(b).

5.     Plaintiffs Beth Jones ("Jones") and Heather Jacobs ("Jacobs") also assert claims against Defendants arising under the California state labor laws and California unfair competition law on behalf of themselves and Medical Representatives who are or were employed by Takeda in the state of California (the "California Class").

6.     Plaintiff Paul Merson ("Merson") also asserts claims against Defendants arising under New York state labor laws on behalf of himself and Medical Representatives who are or were employed by Takeda in the state of New York (the "New York Class").

7.     Plaintiffs Taylor Osborne ("Osborne"), Marie T. Fryda ("Fryda"), Mark E. Vanderpol ("Vanderpol"), Phillip Hicks ("Hicks") and Matthew Bigelow ("Bigelow") also assert claims against Defendants arising under Ohio state labor laws on behalf of themselves and Medical Representatives who are or were employed by Takeda in the state of Ohio (the "Ohio Class").

8.     Plaintiffs Nicole Wilson ("Wilson) and Rex Urban ("Urban") also assert claims against Defendants arising under Illinois state labor laws on behalf of themselves and Medical

3

Representatives who are or were employed by Takeda in the state of Illinois (the "Illinois Class").

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*

10.    This Court has supplemental jurisdiction over the state law claims, brought under the laws of California, Illinois, New York and Ohio. The state law claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c) because Defendants are located in this district, and, as detailed below, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

### A.    The Representative Plaintiffs

12.    Plaintiff Jones is a resident of California and was employed by Defendants as a Professional Sales Representative from July 2007 until September 2010. Jones routinely worked hours in excess of eight (8) hours per day and forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

13.    Plaintiff Jacobs is a resident of California and was employed by Defendants as a Sales Representative from April 1999 until April 2008. Jacobs routinely worked hours in excess of eight (8) hours per day and forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

14.     Plaintiff Merson is a resident of New York and was employed by Defendants as a Sales Representative from January 2001 until 2006, and as a Senior Sales Representative from 2006 until September 2010. Merson routinely worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

15.     Plaintiff Osborne is a resident of Ohio and was employed by Defendants as a Professional Sales Representative from November 2006 until August 2010. Osborne routinely worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

16.     Plaintiff Fryda is a resident of Ohio and was employed by Defendants as a Professional Sales Representative from May 2007 until August 2010. Fryda routinely worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

17.     Plaintiff Vanderpol is a resident of Ohio and was employed by Defendants as a Professional Sales Representative from May 2007 until August 2010. Vanderpol routinely worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

18.     Plaintiff Hicks is a resident of Ohio and was employed by Defendants as a Professional Sales Representative from June 1999 until June 2010. Hicks routinely worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

19.     Plaintiff Bigelow is a resident of Ohio and was employed by Defendants as a Professional Sales Representative from March 2009 until August 2010. Bigelow routinely

worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

20. Plaintiff Wilson is a resident of Illinois and was employed by Defendants as a Product Manager from April 2007 until October 2008 and as a Specialty Sales Representative from October 2008 until August 2010. Wilson routinely worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

21. Plaintiff Urban is a resident of Illinois and was employed by Defendants as a Sales Representative from April 1994 until August 2010. Urban routinely worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state and federal law.

**B.    The Defendants**

22. Takeda Pharmaceutical North America, Inc., is the North American headquarters, and a wholly owned subsidiary, of Takeda Pharmaceutical Company Limited. Takeda Pharmaceutical North America, Inc. is located at One Takeda Parkway, Deerfield, Illinois, 60015. Takeda's United States MRs are ultimately controlled and managed from Deerfield, Illinois headquarters. Takeda's North American marketing and product information departments are located at Takeda Pharmaceutical North America, Inc. All Takeda MRs must attend a two-week training program in Deerfield, Illinois and pass oral and written tests at the Illinois headquarters prior to beginning their jobs. Moreover, United States company-wide marketing materials, communications, and training videos are disseminated from Takeda's Deerfield, Illinois headquarters, and United States company-wide monthly MR conference calls also are conducted from the Deerfield, Illinois headquarters.

23.     Takeda Pharmaceuticals America, Inc. issues Takeda employee payroll checks and Takeda employee W-2 wage and tax statements and is located at One Takeda Parkway, Deerfield, Illinois, 60015.

24.     All of the named defendants actively participated in committing the wrongful acts alleged herein.

25.     At all relevant times, Takeda, as the employer of Plaintiffs, Collective Plaintiffs and Class Members, was and is legally responsible for all unlawful conduct, policies, practices, acts and omissions alleged in this Complaint.

26.     At all relevant times, the unlawful conduct against Plaintiffs, Collective Plaintiffs and Class Members was actuated, in whole or in part, by a purpose to serve Takeda. At all relevant times, upon information and belief, the unlawful conduct alleged herein was reasonably foreseeable by Takeda and committed under actual or apparent authority granted by Takeda such that all of the alleged unlawful conduct is legally attributable to Takeda.

27.     The overtime wage provisions set forth in §§ 206 and 207 of the FLSA apply to Takeda. MRs employed by Takeda do not fall within any exemption to the wage and hour laws set forth in 29 U.S.C. § 213(a)(1) and/or various State Wage and Hour Laws.

## FACTUAL ALLEGATIONS RELATING TO THE COLLECTIVE ACTION AND STATE LAW CLAIMS

28.     Plaintiffs worked for Takeda as MRs at different times during the period from April 1999 through September 2010.

29.     Plaintiffs' primary responsibility as MRs at Takeda was to call on practicing physicians to provide them with information pertaining to Takeda products. Each MR has an assigned territory and is given instruction on which physicians within that territory to call on.

30.     Defendants failed to pay MRs for hours worked in excess of forty hours per week at a rate of one-and-one-half times their regular rate of pay as required by § 207 of the FLSA and/or various State Wage and Hour Laws.

31.     Takeda required MRs to be in their territory from 9:00 a.m. to 5:00 p.m. each business day, at a minimum.  MRs were required to visit physician's offices continually during this timeframe.  MRs are required to visit a designated number of physician contacts per day even if they are unable to accomplish this between 9:00 a.m. and 5:00 p.m. In addition to time in their territory doing routine physician visits, MRs were required to perform extensive work before and after their physician visits.  This work included, but was not limited to:  daily synchronization of computers; daily, weekly and monthly sample reconciliation; receiving, counting and storing samples; writing and responding to emails; completing expense reports; completing budget trackers; completing attestations; hosting lunches, dinners and speaker programs with physicians; attending training programs; attending company-mandated dinners after regional and national sales meetings; working at trade shows and attending company-mandated dinners after show hours; viewing company training modules and undergoing company testing programs.

32.     Company-mandated monthly scans of Plaintiffs' computers were conducted to ensure that any computer work conducted between 9:00 a.m. and 5:00 p.m. on weekdays would be recorded and reported to Takeda management as evidence that an MR was not "in the field" visiting physicians as required by Takeda. Defendant Takeda has consistently, systematically, knowingly and willfully engaged in a practice of failing to compensate MRs for overtime hours worked.

33.     MRs employed by Takeda do not qualify as exempt employees, as defined by the

applicable state and Federal regulations. As alleged above, Plaintiffs' primary duty was

promotional work directed at physicians. The Department of Labor regulations (29 CFR §

541.503) provide, in relevant part:

> Promotion work is one type of activity often performed by persons who make
> sales, which may or may not be exempt outside sales work, depending upon the
> circumstances under which it is performed. Promotional work that is actually
> performed incidental to and in conjunction with an employee's own outside sales
> or solicitations is exempt work. On the other hand, promotional work that is
> incidental to sales made, or to be made, by someone else is not exempt outside
> sales work.

The MRs themselves make no sales. Thus, the promotional work performed by the MRs cannot

be exempt work under the FLSA and/or various State Wage and Hour Laws.

34.     Additional compensation amounts allocated to MRs above their base rate of pay

cannot be properly classified as sales commissions because they are calculated pursuant to

inconsistent and defective formulas that do not accurately reflect the effectiveness of the MRs in

promoting the use of Takeda products.

35.     MRs have little or no discretion in the way they perform their job responsibilities.

Takeda closely supervises its MRs through a network of local managers called District

Managers, who are supervised by Regional Managers. District and Regional Managers closely

monitor MRs daily activities, calls, target physicians, schedules, and promotional budgets. MRs

are trained to give scripted presentations about the pharmaceuticals that they promote. MRs do

not develop the core messages and are under very tight constraints as to what they can say to

physicians about the products they represent. District and Regional Managers sometimes

accompany MRs on visits to physicians to ensure that they do not deviate from the standard

Takeda script. MRs are not permitted to distribute any written materials other than what Takeda

provides them. MRs also are not permitted to respond to physicians' questions about the

pharmaceuticals if the answers to those questions would cause them to have to deviate beyond the scripted talking points.

36.     MRs have no authority to formulate, affect, interpret, or implement Takeda's management policies or its operating practices.  They are not involved in planning Takeda's long-term or short-term business objectives, and do not carry out major assignments in conducting the operations of Takeda's business.  MRs have no authority to commit Takeda in matters that have significant financial impact.

37.     MRs did not and do not sell tangible or intangible items nor obtain orders or contracts for products, services, or use of facilities

38.     Plaintiffs, Collective Plaintiffs and State Law Class Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Takeda's common practices which violate FLSA statutes and/or various State Wage and Hour Laws

## THE COLLECTIVE ACTION

39.     Plaintiff Jones brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all FLSA Collective Plaintiffs employed by Defendants within the applicable statute of limitations.

40.     This Court has conditionally certified the FLSA Collective Action and a Court approved Notice program yielded over 344 Collective Action plaintiffs.

## THE CALIFORNIA CLASS

41.     Plaintiffs Jones and Jacobs further bring claims for relief, pursuant to Federal Rule of Civil Procedure 23, on behalf of the proposed California Class, which consists of all MRs who were or are employed by Takeda in California at any time during the period beginning

four years prior to the filing of this Complaint and ending on a date to be determined by the Court.

40.     The identities of the California Class members are readily ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each California Class member are also determinable from Defendants' records.

**A.      Numerosity**

41.     The proposed California Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Plaintiffs do not know precisely how many members there are in the proposed California State class, but allege upon information and belief that it consists of approximately 100 individuals.

**B.      Commonality**

42.     There are questions of law and fact common to the proposed California Class that predominate over any questions affecting only individual California Class members. These common questions of law and fact include, without limitation:

(a)      whether Defendants failed to pay overtime compensation as required by the California Labor Code and Wage Orders;

(b)      whether Defendants violated §§ 201-203 of the California Labor Code by failing to pay compensation due and owing at the time that any proposed California Class member's employment with Defendants terminated;

(c)      whether Defendants violated §§ 17200, *et seq.* of the Business & Professions Code by failing to provide overtime wages to members of the California Class;

(d)      whether members of the California Class are entitled to equitable relief pursuant to Business and Professions Code §§ 17200, *et seq.*

11

**C.      Typicality**

43.      The claims of the named California Plaintiffs are typical to the claims of the proposed California Class. California Plaintiffs and all members of the proposed California Class sustained injuries and damages arising from and caused by Defendants' course of conduct in violation of California's laws and regulations promulgated thereunder.

**D.      Adequacy of Representation**

44.      California Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed California Class. Plaintiffs' counsel are competent and experienced in large class actions and possess the resources needed to vigorously pursue the California Class claims.

**E.      Superiority of Class Action**

45.      A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is impracticable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed California Class.  Each member of the proposed California Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate California Class members at the legal overtime rates.

46.      Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## THE ILLINOIS CLASS

47.     Plaintiffs Wilson and Urban further bring claims for relief, pursuant to Federal Rule of Civil Procedure 23, on behalf of the proposed Illinois Class, which consists of all MRs who were or are employed by Takeda in Illinois at any time during the period beginning three years prior to the filing of this Complaint and ending on dates to be determined by the Court.

48.     The identities of Illinois Class members are readily ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Illinois Class member are also determinable from Defendants' records.

### A.      Numerosity

49.     The proposed Illinois Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Plaintiffs do not know precisely how many members there are in the proposed Illinois State class, but allege upon information and belief that it consists of approximately 100 individuals.

### B.      Commonality

50.     There are questions of law and fact common to the proposed Illinois Class that predominate over any questions affecting only individual Illinois Class members. These common questions of law and fact include, without limitation:

(a)     whether Defendants employed the Illinois Plaintiffs and the Illinois Class within the meaning of Illinois law;

(b)     whether Defendants failed to pay overtime as required by Illinois Minimum Wage Law, Ill. Rev. Stat., ch. 820, para. 150/1, *et seq.*

### C.      Typicality

51.     The claims of the named Illinois Plaintiffs are typical to the claims of the proposed Illinois Class. Illinois Plaintiffs and all members of the proposed Illinois Class

sustained injuries and damages arising from and caused by Defendants' common course of conduct in violation of Illinois laws and regulations promulgated thereunder.

### D.   Adequacy of Representation

52.   Illinois Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Illinois Class. Plaintiffs' counsel are competent and experienced in large class actions and possess the resources needed to vigorously pursue the Illinois class claims.

### E.   Superiority of Class Action

53.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed Illinois Class. Each member of the proposed Illinois Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate Illinois Class members at the legal overtime rates.

54.   Class action treatment will allow those similarly situated persons to litigated their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## THE NEW YORK CLASS

55.   Plaintiff Merson further bring claims for relief, pursuant to Federal Rule of Civil Procedure 23, on behalf of the proposed New York Class, which consists of all MRs who were or are employed by Takeda in New York at any time during the period beginning six years prior to the filing of this Complaint and ending on a date to be determined by the Court.

56.     The identities of the New York Class members are readily ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each New York Class member are also determinable from Defendants' records.

**A.      Numerosity**

57.     The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Plaintiffs do not know precisely how many members there are in the proposed New York State class, but allege upon information and belief that it consists of approximately 100 individuals.

**B.      Commonality**

58.     There are questions of law and fact common to the proposed New York Class that predominate over any questions affecting only individual New York Class members. These common questions of law and fact include, without limitation:

(a)     whether Defendants failed to pay overtime as required by the New York Minimum Wage Act, New York Law §§ 650, *et seq.*, the Wage Payment Act, New York Labor Law §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(b)     whether Defendants' conduct was willful under New York Labor Law § 663;

(c)     whether the New York Plaintiffs and the other members of the New York Class are entitled to damages, and if so, the means of measuring such damages;

(d)     whether the New York Plaintiffs and the other members of the New York Class are entitled to liquidated damages under New York Labor Law § 663; and

(e)     whether Defendants are liable for attorneys' fees and costs.

### C.     Typicality

59.     The claims of the named New York Plaintiffs are typical to the claims of the proposed New York Class. New York Plaintiffs and all members of the proposed New York Class sustained injuries and damages arising from and caused by Defendants' common course of conduct in violation of New York laws and regulations promulgated thereunder.

### D.     Adequacy of Representation

60.     New York Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed New York Class. Plaintiffs' counsel are competent and experienced in large class actions and possess the resources needed to vigorously pursue the New York Class claims.

### E.     Superiority of Class Action

61.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed New York Class. Each member of the proposed New York Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate New York Class members at the legal overtime rates.

62.     Class action treatment will allow those similarly situated persons to litigated their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## THE OHIO CLASS

63.     Plaintiffs Osborne, Fryda, Vanderpol, Hicks and Bigelow further bring the Ohio

State law claims, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class which

consists of all members of the Class who, while in Ohio, work or previously worked for Takeda

as a "MR" during the period of three years prior to the filing of the *Fryda* Complaint and ending

on dates to be determined by the Court. All said persons, including Plaintiffs Osborne, Fryda,

Vanderpol, Hicks, Bigelow, Erin Siegfried and Leigh Hanlon, are referred herein as the "Ohio

Class."

64.     The Ohio Class members are readily ascertainable. The number and identity of

the Ohio Class members are determinable from Defendants' records. The hours assigned and

worked, the positions held, and the rates of pay for each Ohio Class member are also

determinable from Defendants' records.

### A.     Numerosity

65.     The proposed Ohio Class is so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the court.

Defendants concede there are enough class members to satisfy the numerosity requirement,

stating in their Notice of Removal that "there have been 201" MRs "employed by Takeda in

Ohio during the class period." Defendants' Notice of Removal at 3.

### B.     Commonality

66.     There are questions of law and fact common to the proposed Ohio Class that

predominate over any questions affecting only individual Ohio Class members. These common

questions of law and fact include, without limitation:

        (a)     whether Takeda improperly classified Plaintiffs as exempt employees

under Ohio law; and

17

(b)     whether Takeda violated R.C. 4111.03 by failing to pay Plaintiffs and similarly-situated MRs at the prescribed overtime rate of one and one-half times employees' regular wages.

## C.     Typicality

67.     The claims of the named Ohio Plaintiffs are typical to the claims of the proposed Ohio Class. Ohio Plaintiffs and all members of the proposed Ohio Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of Ohio laws and regulations promulgated thereunder.

## D.     Adequacy of Representation

68.     Ohio Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Ohio Class. Plaintiffs' counsel are competent and experienced in large class actions and possess the resources needed to vigorously pursue the Ohio Class claims.

## E.     Superiority of Class Action

69.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed Ohio Class. Each member of the proposed Ohio Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate Ohio Class members at the legal overtime rates.

70.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT ONE

**(Fair Labor Standards Act Violation)**
**(By Plaintiff Jones and all Collective Plaintiffs)**

71.　Plaintiffs allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein. "Plaintiffs" refers to Beth Jones and any Class members who file individual consents to sue in this action.

72.　Because Defendants willfully violated the FLSA by misclassifying Plaintiff and Class members as exempt employees, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

73.　Takeda has willfully and intentionally violated the provisions of the FLSA, as detailed herein, by failing and refusing to pay the proper hourly wage compensation of current and former MRs.

74.　As a result of Defendants' FLSA violations, Plaintiffs, as well as the others similarly situated, have suffered damages by being denied overtime wages in accordance with §§ 206 and 207 of the FLSA.

75.　Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated present and former MRs.

67.　Because of Defendants' unlawful acts, Plaintiff and all similarly situated current and former MRs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNTS TWO THROUGH FOUR – CALIFORNIA STATE LAW CLAIMS
### (Brought By California Plaintiffs On Behalf Of Themselves And The California Class)

## COUNT TWO
### (California Overtime Provisions Cal. Wage Order No. 4; Violation of Cal. Lab. Code. §§ 510, 1194 and 1199)

68.     Plaintiffs allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein.

69.     California Labor Code § 501, applicable at all times relevant herein to Plaintiff and the California Class' employment by Takeda, provides that all employees are entitled to payment at the rate of time-and-one-half in excess of 8 hours in one day, or 40 hours in one week, and double time for hours in excess of 12 hours in one day.

70.     During the course of employment with Takeda, Plaintiff and the California Class regularly worked in excess of 8 hours per day and 40 hours per week, however, Defendants knowingly and willingly failed to pay Plaintiff and the California Class' overtime wages as required by law.

71.     California Labor Code § 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

72.     Because of Defendants' unlawful acts, Plaintiff and the California class have been deprived in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, and other compensation pursuant to Cal. Lab. Code § 1194.

## COUNT THREE
### (California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

73.     Plaintiffs allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein.

74.     The foregoing conduct, as alleged, violates the California Unfair Competition

Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.* Section 17200

prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or

practices.

75.     Pursuant to California Business and Professions Code § 17208, the statute of

limitations for causes of action under the UCL is four years.

76.     Defendants committed acts of unfair competition, as defined by the UCL, by,

among other things, engaging in acts and practices described herein. Defendants' conduct as

herein alleged has damaged the California Plaintiffs and the California Class by wrongfully

denying them their earned wages, and therefore was substantially injurious to the California

Class members.

77.     Defendants' course of conduct, acts, and practices in violation of California laws

constitute a separate and independent violation of the UCL. Defendants' conduct described

herein violates the policy or spirit of such laws or otherwise significantly threatens or harms

competition.

78.     The harm of the California Plaintiffs and the California Class in being wrongfully

denied lawfully earned wages outweighs the utility, if any, of Defendants' policies and practices,

and, therefore, Defendants' actions described herein constitute unfair business practices or acts

within the meaning of the UCL.

79.     The unlawful and unfair business practices and acts of the Defendant, as

described above, have inured the California Plaintiffs and the California Class in that they were

wrongfully denied the payment of earned compensation, both at the regular rate and overtime

wages.

80.    The California Plaintiffs and California Class seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and applicable law.

81.    The California Plaintiffs and the California Class seek damages in the amount of their respective unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week and/or 8 hours per day, attorneys' fees, and cost of suit and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### COUNT FOUR
### (Waiting Time Wages under Labor Code § 203)

82.    Plaintiffs allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein.

83.    Numerous members of the proposed class are no longer employed by Defendant. They were either fired or quit Defendants' employ.

84.    The Defendants' failure to pay wages, as alleged above, was willful in that Defendants and each of them knew wages to be due but failed to pay them, thus entitling Plaintiff and the proposed class to wages under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

85.    Defendants have failed to pay California Plaintiffs and the other members of the California Class a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203, California Plaintiffs and the proposed California Class are entitled to wages in the amount of California Plaintiffs' and the other members of the California Class daily wage multiplied by thirty (30) days.

## COUNTS FIVE AND SIX – NEW YORK STATE LAW CLAIMS
### (Brought by New York Plaintiff on behalf of Himself and the New York Class)

### COUNT FIVE
### (For Unpaid Overtime under New York Labor Law, §§ 190 *et seq.*, and §§ 650 *et seq.*, and 12 N.Y.C.R.R. Part 142 )

86.     Plaintiff alleges and incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

87.     At all times relevant to this action, Defendants have been, and continues to be, an "employer" within the meaning of New York Labor Law § 651.

88.     At all times relevant to this action, Defendants have employed, and continues to employ, employees, including the New York Plaintiffs and the other members of the New York Class.

89.     The New York Plaintiff and the other members of the New York Class regularly worked more than 40 hours per week.

90.     At all times relevant to this action, Defendants had a policy and practice of failing and refusing to pay overtime pay to the New York Plaintiff and the other members of the New York Class for their hours worked in excess of forty hours per week.

91.     The forgoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law §§ 650 *et seq.*, the New York Minimum Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 NYCRR Part 142.

92.     The New York Plaintiff, on behalf of himself and the other members of the New York Class, seek the amount of their underpayments based on Defendants' failure to pay one and one half times the regular rate of pay for work performed in excess of forty hours per week, as provided by New York's labor laws, liquidated damages equal to twenty-five percent of the total

of any underpayments pursuant to Labor Law § 663(1), and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

93.   The New York Plaintiff, on behalf of himself and other members of the New York Class, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by New York Labor Law § 663(1).

## COUNT SIX
### (For Spread-of-Hours Compensation under New York Labor Law, §§ 650 *et seq.*, §§190 *et seq.*, and 12 N.Y.C.R.R. Part 142)

94.   Plaintiff alleges and incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein.

95.   At all times relevant to this action, Defendants have been, and continues to be, an "employer" within the meaning of New York Labor Law § 651.

96.   At all times relevant to this action, Defendants have employed, and continues to employ, employees, including the New York Plaintiff and the other members of the New York Class.

97.   The New York Plaintiff and other members of the New York Class regularly worked shifts of greater than ten hours per day.

98.   New York labor laws require employers, such as Defendant, to pay "spread of hours" compensation to all non-exempt employees who work in excess of 10 hours per day.

99.   The New York Plaintiff and the other members of the New York Class are non-exempt employees entitled to be paid "spread of hours" compensation for each day they worked excess of 10 hours.

100.   At all relevant times, Defendants had a policy and practice of failing and refusing to pay "spread of hours" compensation to New York Plaintiff and to the other members of the New York Class for hours worked in excess of 10 hours per day.

24

101.   The forgoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law §§ 650 *et seq.*, the New York Minimum Wage Payment Act, New York Labor Law §§ 190 *et seq.*, and the supporting Department of Labor Regulations, 12 NYCRR Part 142.

102.   The New York Plaintiff, on behalf of himself and the other members of the New York Class, seek the amount of their underpayments based on Defendants' failure to pay "spread of hours" compensation for work performed in excess of 10 hours per day, as provided by New York's labor laws, liquidated damages equal to twenty-five percent of the total of any underpayments pursuant to Labor Law § 663(1), and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

103.   The New York Plaintiff, on behalf of himself and other members of the New York Class, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by New York Labor Law § 663(1).

**COUNT SEVEN**
**(Violation of Ohio Revised Code § 4111.03)**
**(Brought By Ohio Plaintiffs On Behalf Of Themselves And The Ohio Class)**

104.   Plaintiffs allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein.

105.   Ohio Revised Code ("R.C.") § 4111.03(A) requires an employer to pay an employee overtime at a wage rate of one-and-one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek.

106.   Plaintiffs were not exempt from the requirements of § 4111.03 because they were not "administrative employees" or "outside sales persons" within the meaning of Ohio Law.

107.   Takeda violated R.C. § 4111.03 by failing to pay Plaintiffs and other members at the prescribed overtime rate of one-and-one-half times employees' regular wages.

108.    Having violated R.C. § 4111.03, Takeda becomes liable under R.C. § 4111.10 for the full amount of the overtime wage rate, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

109.    As a result of Defendants' practice and policy, Plaintiff and similarly situated employees have been damaged in that they have not received all of the overtime compensation due to them pursuant to Ohio law.

### COUNT EIGHT
### (Violation Illinois State Law Claims)
### (Brought by Illinois Plaintiffs on behalf of Themselves and the Illinois Class)

110.    Plaintiffs allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein.

111.    At all relevant times, Defendants have employed and continued to employ, the Illinois Plaintiffs and the Illinois Class members as "employee[s]" within the meaning of the IMWL.

112.    Throughout the Illinois Class Period, the Illinois Plaintiffs and the Illinois Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

113.    At all relevant times, Defendants have had, and continues to have, policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Illinois Plaintiffs and the Illinois Class members at time and a half rates for work in excess of forty (4) hours per workweek.

114.    At all relevant times, Defendant, through its policies and practices described above, willfully violated the IMWL throughout the Illinois Class Period by failing to pay the Illinois Plaintiffs and the Illinois Class members overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week and other practices in violation of the IMWL.

115.     The forgoing conduct, as alleged above, constitutes continuing, willful violations of the IMWL.

116.     Defendants willfully failed to pay the Illinois Plaintiffs and Illinois Class members all wages owed to them, in violation of Ill. Rev. Stat., ch. 820, para 115/4.

117.     As set forth above, the Illinois Plaintiffs and the Illinois Class members have losses in their compensation as a proximate result of Defendants' violations. Accordingly, Illinois Plaintiffs, on behalf of themselves and the Illinois Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under IMWL, the Illinois Plaintiffs and the Illinois Class are entitled to liquidated damages equal to 2% liquidated for each month which payments remain unpaid.

118.     Illinois Plaintiffs, on behalf of themselves and the Illinois Class, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendant, pursuant to IMWL.

## PRAYER FOR RELIEF

**WHEREFORE**, the named Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     a declaratory judgment that the practices complaint of herein are unlawful under the FLSA;

B.     certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.     certification of the California State Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the proposed California Class;

D.     designation of Beth Jones and Heather Jacobs as representatives of the California Class;

E.  certification of the New York State Law Claims as a class action pursuant to F Federal Rule of Civil Procedure 23 on behalf of the proposed New York Class;

F.  designation of Paul Merson as representative of the New York Class;

G.  certification of the Ohio State Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the proposed Ohio Class;

H.  designation of Taylor Osborne, Marie T. Fryda, Mark E. Vanderpol, Phillip Hicks and Matthew Bigelow as representatives of the Ohio Class;

I.  certification of the Illinois State Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the proposed Illinois Class;

J.  designation of Nicole Wilson and Rex Urban as representatives of the Illinois Class;

K.  designation of Plaintiffs' Co-Lead Counsel as Counsel for the FLSA Collective Class, the California State Law Class, the New York State Law Class, the Ohio State Law Class, and the Illinois State Law Class;

L.  an award of damages, according to proof, including unpaid minimum wages and overtime compensation and liquidated damages, to be paid by Defendant;

M.  costs of action incurred herein, including expert fees;

N.  penalties available under the applicable law;

O.  pre- and post-judgment interest, as provided by law;

P.  attorneys' fees and costs pursuant to 29 U.S.C. § 216 and applicable state statutes; and

Q.  such other relief as the Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 15, 2011

**MILBERG LLP**

s/ Neil Fraser
Neil Fraser
nfraser@milberg.com
Henry Kelston
hkelston@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
Telephone: (212) 594-5300

**DOYLE LOWTHER LLP**
John A. Lowther
john@doylelowther.com
9466 Black Mountain Road, Ste. 210
San Diego, California 92126
Telephone: (619) 573-1703

*Co- Lead Counsel for the Consolidated Jones Litigation including the FLSA Collective Action and the California, New York, Ohio and Illinois State Classes*

**COHEN, ROSENTHAL & KRAMER, LLP**
Jason R. Bristol
Thomas A. Downie
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
Telephone: (216) 781-7956

**MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A**
Ann-Marie Ahern
Daniel M. Singerman
101 West Prospect Avenue, Suite 1800
Cleveland, OH 44115
Telephone: (216) 586-5479

*Liaison Counsel for the Ohio State Class*

**CARYN GROEDEL & ASSOCIATES, CO., LPA**
Caryn M. Groedel
31340 Solon Road, Suite 27
Cleveland, OH 44139
Telephone: (440) 544-1122

**WINTERS LAW FIRM, LLC**
Ryan Winters
31340 Solon Road, Suite 28
Cleveland, OH 44139
Telephone: (440) 498-9100

*Counsel for Plaintiffs Siegfried and Hanlon*

**MILLER LAW LLC**
Marvin A. Miller
mmiller@millerlawllc.com
Matthew E. Van Tine
mvantine@millerlawllc.com
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-2400

*Local Counsel for Plaintiffs*